.Vol. 107]          JANUARY TERM, 1900.          505

Owingsville & Mt. Sterling Turnpike Road Co. v. Bondurant's Admr.

CASE 79—ACTION FOR DIVIDENDS—JAN. 10.

# Owingsville & Mt. Sterling Turnpike Road Co. v. Bondurant's Administrator.

### APPEAL FROM MONTGOMERY CIRCUIT COURT.

CORPORATIONS—DIVIDENDS—LIMITATION—PLEADING.—Whether a corporation, when sued by a stockholder for dividends, can rely on the plea of limitation or not, such a plea is not good unless it aver that the stockholder had notice that his ownership of the stock was denied by the company. Until such notice, limitation would not begin to run.

THOS. TURNER AND E. C. O'REAR FOR APPELLANT. .

1. LIMITATION—INVOKED BY CORPORATION AGAINST STOCKHOLDER.—B. claiming to have been a stockholder in appellant corporation, failed for forty years to claim or exercise any title to the shares now claimed. The corporation had for more than fifteen years recognized others—without fraud—as the sole owners of all its stock, and now pleads the statute of limitation in ˠˠˠ if this action by Bondurant's administrator to recover div᷍ ᴗ᷍ds declared by the corporation on its stock. Young, &c. v. A. C. & I Ry. Co., 19 Ky. Law Rep., 491.

2. ESTOPPEL.—One claiming to be the owner of stock in a corporation who by its silence permits the corporation to issue certificates of the shares, to others, and pay its earnings as dividends to these shareholders, many of whom have since died, moved to distant lands or become insolvent, the corporation acting in good faith and without fraud, the negligent shareholder is estopped to assert after fifteen years a title to said shares or their dividends. Newell v. Dunnegan, 1 Ky. Law Rep., 354; Terry v. Hill, 5 Ky. Law Rep., 688.

3. EVIDENCE.—The controversy being whether B. subscribed and paid for thirty shares of stock of $1,500, in appellant corporation, forty years ago, having introduced checks for amounts not an aliquot part of said sum as evidence of payment, the court erred in refusing appellant to read charter of corporation which requires stock subscriptions to be paid in installments of decimal per cents.

4. EVIDENCE.—Declaration of claimant in his own behalf, not in the presence and hearing of officers of a corporation, are not relevant

506    KENTUCKY REPORTS.    [Vol. 107

Owingsville & Mt. Sterling Turnpike Road Co. v. Bondurant's Admr.

as evidence against the corporation to prove title in declarant to its stock.

5. *Ex parte* affidavit of decedent's administrator "proving" his claim for dividends, not relevant for any purpose as evidence before the jury in a suit by the administrator against the corporation to recover dividends on this stock.

TYLER & APPERSON FOR APPELLEE.

1. The statute of limitation does not begin to run in favor of a corporation against a stockholder upon his claim for dividends, if it runs at all, until notice is brought home to such stockholder that his right to the stock is disputed.

2. The plea of estoppel is not good because there is no allegation that the parties had been induced to change their condition by reason of appellee's failure to claim the dividends.

Citations:—Mercer County Court v. Springfield, Maxville & Harrodsburg T. P. Co., 10 Bush, 258; 1 Ky. Law Rep., 688.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The administrator *de bonis non* with the will annexed of Joseph Bondurant, deceased, sought to recover from the appellant dividends, for the years 1889, 1890, 1891, 1892, 1893, and 1894, on thirty shares of stock, the par value of which was fifty dollars per share. The verdict of the jury was to the effect (and we think it was authorized from the testimony to reach the conclusion) that Bondurant was one of the original stockholders of the appellant company; that the amount of stock for which he subscribed and paid was thirty shares, the par value of which was fifty dollars per share. There was neither plea nor proof that he made any disposition of the stock which he held. The appellant company seems to have been organized in 1857, and Bondurant lived until 1868.

In so far as this record shows, he, from 1864 until a short time before this suit was instituted, was never present at any stockholders' or directors' meeting of the company, or paid any attention whatever to the interest which he held in the company.

The defenses may be summarized as follows: First, that Bondurant never held any stock in the appellant company; second, that his right to assert claim to the stock was barred by lapse of time and the statute of limitations, and therefore plaintiff is not entitled to recover the dividends; third, that since the "year 188— and prior thereto" the appellant company, and its officers and stockholders, have openly denied appellee's right to the shares of stock, and plead such open disavowal and denial of his title to the stock as a bar to a recovery; fourth, that since the "year 1880 and prior thereto" corporations and persons other than the plaintiff and his testator have openly and adversely asserted claim and ownership to the whole of the capital stock subscribed in, and issued by, the appellant, and such claim has been adverse to the plaintiff's claim; fifth, that the plaintiff's right to dividends has been lost by the acquiescence of the representatives of plaintiff's testator.

If the plaintiff's testator never owned the stock in question, or the right to assert claim thereto has been barred by the statute of limitations, or he is estopped to claim it by reason of his long acquiescence, then, of course, no recovery could be had for dividends on the stock. A corporation is the agent of and holds in trust for the shareholder his interest in the corporate property. He has the right to rely upon the fact that the corporation will preserve his rights to his stock in it, and to presume that the corporation will not assert an adverse claim to his interest as a stockholder. It is the business of the corporation and its officers to preserve and maintain the rights of the stockholders in the corporate property.

It is not averred in the answer, or as amended, that the testator, or his personal representative, ever had any notice

whatever that his right, or that of the estate, was denied to the stock, either by the company or stockholders. If the plea of limitations is available in an action like this, there was a total failure to allege facts which would make it so.

This court said in Mercer Co. Court v. Springfield, Maxville & Harrodsburg Turnpike Co., 10 Bush., 258: "If it be conceded that a corporation can rely on lapse of time against a stockholder who merely demands the evidence of title to his stock (a question we do not decide), the statute certainly will not begin to run in its favor until the stockholder is notified by some unequivocal act that his right to the stock is disputed. Until he receives such notice, he has the right to regard the corporation as his agent, and as holding in trust for him his interest in the corporate property."

The court properly sustained a demurrer to the answer.

The plea of estoppel in this case is nothing more than a plea of statute of limitations in another name. If the stockholder has the right to rely upon the corporation to hold his stock for him, his failure to attend the meetings of the other stockholders or of the directors of the company, and claim the stock, will not estop him from thereafter claiming it. Having a right to rely upon those in charge of the corporation to maintain his rights to his interest in it, his acquiescence and supposition that they will do that which the law imposes upon them will not toll his right to assert claim to his stock. Until he has notice, by some unequivocal act, that his right to the stock is disputed, his claim can not be defeated. We do not think the case of Young v. Ashland Coal & Iron Railway Co., 19 Ky. L. R., 490, [41 S. W., 313], militates against the views herein expressed.

The judgment is affirmed.